UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL LEE BURGESS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:25-cv-00041-MTS |
| MOBERLY CORRECTIONAL CENTER STAFF, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Michael Lee Burgess is a "prisoner" as that term is defined in 28 U.S.C. § 1915(h). He has moved to proceed in this action without prepaying fees or costs. Doc. [2]. But 28 U.S.C. § 1915(g) prohibits prisoners from bringing a civil action without prepayment of fees if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *Id.* § 1915(g); *see also Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) ("When a prisoner has accumulated three strikes, he has 'struck out' from proceeding IFP in a new civil action or appeal.").

Plaintiff has filed numerous cases in this Court and the U.S. District Court for the Western District of Missouri. A review of those cases reveals at least three that have been dismissed for failure to state a claim upon which relief may be granted. *See Burgess*

*v. St. Joseph Police Dep't*, 5:22-cv-6113-FJG, ECF No. 12 (W.D. Mo. Nov. 29, 2022) (dismissing action for failure to state a claim because it was "apparent on the face of the [complaint]" that plaintiff failed to exhaust);* *Burgess v. Missouri*, 5:24-cv-6018-FJG, ECF No. 10 (W.D. Mo. Mar. 5, 2024) (dismissing action for failure to state a claim); *Burgess v. City of St. Joseph*, 5:24-cv-6050- FJG, ECF No. 28 (W.D. Mo. Oct. 28, 2024) (dismissing action for failure to state a claim).

Given that Plaintiff's Complaint here does not show that he "is under imminent danger of serious physical injury," he cannot proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *see also Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (explaining that "in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court"). Therefore, he may only proceed in this action if he prepays the $405 filing fee in full. *See* 28 U.S.C. § 1914(a); *see also Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022) (explaining that

---

* "A dismissal for failure to exhaust administrative remedies is *not* always a dismissal for failure to state a claim." *Wells v. Brown*, 58 F.4th 1347, 1357–58 (11th Cir. 2023) (en banc). When a "plaintiff's failure to exhaust appears on the face of the complaint," then the plaintiff "has failed to state a claim." *See id.* at 1357; *cf. Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (explaining that an affirmative defense apparent on the face of the complaint can provide the basis for dismissal under Rule 12(b)(6)); 5B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1357 (4th ed.) ("[F]ailure to exhaust can be a basis for dismissal for failure to state a claim."). However, when a plaintiff's failure to exhaust is *not* apparent on the face of the complaint—and thus does not constitute a failure to state a claim—dismissal based on the failure to exhaust is not a strike under § 1915(g). *See, e.g.*, *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam). Here, the district court dismissed Plaintiff's action for failure to state a claim because the failure to exhaust appeared on the face of his complaint. The dismissal therefore counts as a strike under § 1915(g). *See Wells*, 58 F.4th at 1357; *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007); *Millhouse v. Sage*, 639 F. App'x 792, 794 (3d Cir. 2016) (per curiam).

- 3 -

§ 1915(g) "does not prohibit prisoners from pursuing [their] claims," it "only limits their ability to proceed [IFP]").

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff Michael Lee Burgess's Application to Proceed in the District Court Without Prepaying Fees or Costs, Doc. [2], is **DENIED**. *See* 28 U.S.C. § 1915(g).  Plaintiff shall have through **Thursday**, **July 17, 2025**, to prepay the $405 filing fee in full.  Failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated this 26th day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE